Filed 7/11/25  P. v. Fuentes CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE FUENTES, JR.,<br><br>    Defendant and Appellant. | B336295<br><br>(Los Angeles County<br>Super. Ct. No. VA036785) |

APPEAL from an order of the Superior Court of Los Angeles County.  Debra Cole-Hall, Judge.  Affirmed in part and reversed in part with directions.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Joe Fuentes, Jr. appeals an order denying a resentencing hearing after the Department of Corrections and Rehabilitation (CDCR) identified him as a person serving an invalid sentence. (Pen. Code,[1] § 1172.75.) The superior court struck two one-year prior prison term enhancements—previously imposed under section 667.5, former subdivision (b) and stayed—but rejected appellant's request to conduct a full resentencing. Based on the recently issued *People v. Rhodius* (June 26, 2025, S283169) ___ Cal.5th ___ [2025 Cal. Lexis 3531] (*Rhodius*), we conclude that appellant is entitled to a hearing at which he is resentenced under section 1172.75.

## PROCEDURAL BACKGROUND

In 1997, appellant pleaded guilty to one count of kidnapping. (§ 207, subds. (a), (b).) The trial court found true allegations that appellant personally used a deadly or dangerous weapon (§ 12022, subd. (b)) and had suffered two prior serious felony convictions (§ 667, subd. (a)). The trial court sentenced appellant to 36 years to life in state prison, consisting of 25 years to life under the Three Strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), plus five years each for the prior serious felony convictions, and one year for the deadly or dangerous weapon enhancement. The court also imposed and stayed the two prior prison term enhancements.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] The original abstract of judgment erroneously listed the one-year term as imposed for a prior prison term. In actuality, at the sentencing hearing, the trial court imposed the one-year term for the deadly or dangerous weapon enhancement. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The superior court issued an amended abstract of judgment in December 2023 correcting the error.

In 2023, the CDCR notified the superior court that appellant's sentence contained section 667.5, subdivision (b) enhancements rendered invalid under section 1172.75. The superior court set a hearing to consider the issue. Appellant, through counsel, filed a motion requesting that the invalid one-year prior prison term enhancements be struck. The motion also argued that appellant was entitled to a full resentencing hearing and that, at the hearing, the trial court should dismiss appellant's two prior "strikes" pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The prosecution opposed the motion.

In December 2023, the superior court heard appellant's motion. The court struck the two prior prison term enhancements and ordered that the abstract of judgment be corrected. The court declined to conduct a full resentencing under section 1172.75, however.

Appellant filed a timely notice of appeal.

### DISCUSSION

The sole issue in this appeal is whether the superior court erred in denying a full resentencing hearing under section 1172.75 on the ground that appellant's prior prison term enhancements under section 667.5, former subdivision (b) had been stayed.

With the enactment of Senate Bill No. 136 (effective Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, the Legislature made the change retroactive, declaring that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

At the time the superior court ruled on the matter at issue in this appeal, there was a split of authority on the question of whether a full

resentencing hearing was required when a prior prison term enhancement, rendered invalid by section 1172.75, had been originally imposed and stayed, as opposed to imposed and executed. (*Rhodius, supra,* ___ Cal.5th at [pp. 7–8].) *Rhodius* resolved the issue, finding "that section 1172.75(a) is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.'" (*Rhodius,* at [p. 18].) *Rhodius* further explained that the legislative history indicated no intent to distinguish between defendants whose enhancements were imposed and executed versus those where they were imposed and stayed. (*Id.* at [p. 26].) The Supreme Court concluded that the "retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Rhodius,* at [p. 28].)

The superior court in this matter, in striking the previously stayed one-year prior prison term enhancements, did not conduct a full resentencing under the procedures of section 1172.75. Subdivision (c) of section 1172.75, provides that, upon determination of an invalid enhancement, the superior court "shall recall the sentence and resentence the defendant." Subdivision (d), in turn, sets outs procedures for the resentencing, including: that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" (§ 1172.75, subd. (d)(1)); that the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.,* subd. (d)(2)); that the court "may consider postconviction factors" (*id.,* subd. (d)(3)); that rules relating to imposition of a middle or upper term must be followed (*id.,* subd. (d)(4)); and that counsel shall be appointed (*id.,* subd. (d)(5)).

4

These procedures were not complied with in this case. Accordingly, we reverse the superior court's order and remand the matter to ensure compliance.

## DISPOSITION

The superior court's order of December 12, 2023, to the extent it denies a full resentencing under Penal Code section 1172.75, is reversed. The order striking the two previously imposed and stayed section 667.5, subdivision (b) enhancements is affirmed. Upon remand, the superior court shall resentence appellant under section 1172.75, according to the procedures set forth therein. We express no view as to how the superior court should exercise its sentencing discretion.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


RICHARDSON, J.

5